IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 2 3 2007

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

| | | |
|---|---|---|
| TRINA GIPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| ADMINISTRATIVE COMMITTEE OF | ) | **1 : 07 - CV - 1737** **CC** |
| DELTA AIR LINES, INC , THE DELTA | ) | |
| FAMILY-CARE DISABILITY AND | ) | |
| SURVIVORSHIP PLAN, AND AETNA | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Plaintiff in the above-styled action, Trina Gipson (hereinafter

"Plaintiff"), and, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29

U.S C. §§1001 et seq., shows this Court the following:

1

Plaintiff is an individual whose address is 375 Ralph McGill Blvd., N.E., #1803, Atlanta,

Fulton County, Georgia  30318.

2

Plaintiff is a plan participant as defined by ERISA, and brings this action pursuant to 29

U.S C. §1132(a)(1)(B) to recover benefits due to her under the terms of her plan.

3.

Defendant, Administrative Committee of Delta Air Lines, Inc. (hereinafter "Committee"),

is administrator of the "Delta Family-Care Disability and Survivorship Plan" which is a welfare

benefit plan sponsored by Delta Airlines, Inc, which is a corporation organized and existing pursuant to the laws of the State of Georgia   Delta at all times relevant to this Complaint maintains offices and conducts business in the State of Georgia.  Service of process may be perfected upon the Committee through Delta, Inc.'s registered agent, Corporation Service Company, 40 Technology Pkwy., South, #300, Norcross, Georgia  30092.

4.

Defendant, Delta Family-Care Disability and Survivorship Plan (hereinafter "the Plan"), may be served with process upon the Plan's registered agent, Monroe T  Hill, Secretary, Administrative Committee of Delta Air Lines, Inc., Delta Air Lines, Inc., Department 971 Hartsfield Atlanta International Airport, Atlanta, Georgia 30320-6001

5.

Defendant, Aetna Life Insurance Company (hereinafter "Aetna"), which insures the Plan, is a corporation organized and existing pursuant to the laws of the State of Connecticut   Aetna at all times relevant to this Complaint maintains offices and conducts business in the State of Georgia.  Service of process may be perfected upon Aetna's registered agent, C  T. Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia  30361.

6.

Jurisdiction is proper in this Court pursuant to 29 U S.C  §1132(e)(1)

7.

Venue is proper pursuant to 29 U.S.C. §1132(e)(2).

8.

Plaintiff was employed by Delta Air Lines, Inc., which provided a Long-Term Disability (LTD) benefits to its employees through the above referenced Plan (Employee/Payroll No.

678609), which is insured, at least in part, through Aetna Life Insurance Company.

9.

At all relevant times hereto, Delta Air Lines, Inc., was an employer engaged in commerce; therefore, the Plan is governed by ERISA pursuant to 29 U.S.C. §1003(a).

10.

At all times during the course of her employment with Delta Air Lines, Inc., Plaintiff was a participant in the Plan and is, therefore, entitled to benefits from the same.

11.

Plaintiff's disability commenced on or about April 12, 1995, and she filed a timely claim with Defendants. Pursuant to the terms of the Plan, she was ineligible to receive benefits until the expiration of her "elimination period."

12.

At the expiration of the applicable elimination period, Plaintiff provided Defendants with medical documentation that showed she was disabled during her elimination period due to a myriad of impairments including: fibromyalgia, chronic pain, coronary artery disease, thyroid cyst, goiter, pituitary adenoma, hypertension systemic lupus, erythematosis, depression and anxiety

13.

Defendants initially determined that Plaintiff was "disabled" under the terms of the Plan and paid her LTD benefits for eight and one-half (8 ½) years until February 14, 2004, which was six and one-half (6 ½) years after the definitional switch under the Plan from "own occupation" to "any occupation." At that time, Defendants terminated Plaintiff's LTD benefits due to their contention that suddenly the medical documentation no longer provided sufficient evidence of

Plaintiff's "total disability" under the Plan. More specifically, despite the fact that there was no evidence of improvement in Plaintiff's condition, Defendants determined that the evidence no longer supported restrictions and limitations that would prevent Plaintiff from performing at least "sedentary" work.

14.

Plaintiff appealed this decision submitting additional medical records that showed she continued to be "disabled" under the terms of the Plan, including her fully-favorable disability decision issued from the Social Security Administration   However, Defendants affirmed the decision to terminate her LTD benefits even though there was no evidence that Plaintiff's condition had improved or that she was now capable of working in accordance with the "any occupation" definition of the Plan

15.

Plaintiff continued to appeal and submit additional medical and vocational information in support of her disability.  However, Defendants affirmed termination of her benefits.

16.

By letter dated June 6, 2007, Defendants advised that, despite Defendant Aetna's letter of December 12, 2006, there would be no further administrative review of Defendants' decision to terminate Plaintiff's benefits.  Given that administrative remedies have now been exhausted, Plaintiff has no choice but to initiate this lawsuit

17.

Defendants' termination of Plaintiff's LTD benefits, refusal to allow Plaintiff's appeal, and its failure to consider additional relevant information was arbitrary and capricious and is the result of its disregard of medical and vocational documentation showing that Plaintiff remained

disabled under the terms of the Plan.

18.

Defendants ignored the evidence of record, refused to review its decision, refused to consider additional relevant information, and wrongly affirmed the termination of Plaintiff's benefits.

WHEREFORE, Plaintiff prays that this Court.

(a) Order Defendants to pay Plaintiff the amount of her full disability benefit accrued and unpaid to date;

(b) Order Defendants to reinstate Plaintiff as a beneficiary and to pay Plaintiff her monthly disability benefit to which she is entitled from this point forward;

(c) Award Plaintiff reasonable attorneys' fees, and cast all costs of this action against Defendants;

(d) Order Defendants to pay Plaintiff interest on all monies due and owed;

(e) Deny Defendants any applicable offsets as equitable relief.

(f) Provide Plaintiff such other and further relief that this Court may deem appropriate under the circumstances

RESPECTFULLY SUBMITTED, this 17th day of July, 2007.

WESTMORELAND, PATTERSON, MOSELEY
& HINSON
Attorneys for Plaintiff

BRADLEY G PYLES
Georgia Bar No.. 590545

201 Second Street, Suite 1150
Post Office Box 1797
Macon, Georgia 31202-1797
(478) 745-1651

69794